UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-10-JMS-DKL-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MANUEL GARCIA | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. In 2017, Defendant pled guilty to one count of coercion or enticement of a minor, in violation of 18 U.S.C. § 2422(b). Dkt. 65. According to the presentence investigation report, Defendant engaged in sexual contact with a 15-year-old girl, whose family was living in a property owned by Defendant. Dkt. 54 at 4–5. He also engaged in electronic communications with the girl, including messages in which he persuaded or coerced her to meet him to have sex, persuaded her to send him pictures of her genitals or pubic area, and asked her to change her age on Facebook to 25 so that he would not get in trouble for the pictures she had sent to him. *Id.* at 5. The Court sentenced him to 235 months in prison and 10 years of supervised release. Dkt. 65. According to the Bureau of Prisons website, Defendant's anticipated release date (with good-conduct time included) is February 16, 2033. *See* https://www.bop.gov/inmateloc/ (last visited June 1, 2022).

Defendant has now filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 89. He contends that extraordinary and compelling reasons support release

in his case because of the risk that he will become severely ill or die if he contracts COVID-19 and because his mother has health conditions (chronic upper back pain, low back pain, bronchitis, and osteoarthritis) that "need immediate attention." *Id.* The Court concludes that it does not require a response from the United States to resolve the issues raised by Defendant's motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Defendant has not met his burden to show that extraordinary and compelling reasons warrant release. First, his desire to care for his mother—while admirable—is not an extraordinary and compelling reason to release him, whether alone or in connection with any other factors. There is no evidence that his mother is incapacitated, and, even if there were, many inmates have ailing or ill parents whom they would like to support.

Second, Defendant has not shown that the risk he faces from COVID-19 is an extraordinary and compelling reason warranting release in his case. The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason

2

warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Broadfield*, 5 F.4th at 803; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Defendant has not provided any evidence or argument showing that he cannot receive or benefit from the COVID-19 vaccine.

Finally, even if Defendant had shown extraordinary and compelling reasons potentially warranting release under § 3582(c)(1)(A)(i), the Court would deny his motion because the § 3553(a) factors weigh against release.[1] Defendant represents that he has completed 20 classes while incarcerated and plans to work on a farm if he is released. Dkt. 89. He also expresses remorse for his crimes. *Id.* But, as summarized above, Defendant committed very serious crimes, and he is not due to be released for more than a decade. As a result, the Court concludes that releasing him now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Accordingly, Defendant's motion for compassionate release, dkt. [89], is **denied**.

**IT IS SO ORDERED.**

Date: 6/2/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Manuel Garcia
Reg. No. 15255-028
North Lake
Correctional Institution
P.O. Box 1500
Baldwin, MI 49304

All Electronically Registered Counsel